PROB 12D  
(7/93)

Wodzinski

# United States District Court
## for the
## Eastern District of New York

### Request for Summons and
### Modification of the Conditions or Term of Supervision

Name of Offender: Everett Haley      Case Number: 99 CR 796

Name of Sentencing Judicial Official: The Honorable Reena Raggi, U.S. Circuit Court Judge

Jurisdiction Transferred:      February 27, 2003

Name of Current Judicial Official: The Honorable Nicholas G. Garaufis, U.S. District Judge

Date of Original Sentence: April 13, 2000

| | |
|---|---|
| Original Offense: | 21 U.S.C. 846, 841(a), & 841(b)(1)(c), Conspiracy to Distribute and Possess With Intent to Distribute MDMA, a Class C Felony. |
| Original Sentence: | 87 months custody and three years supervised release. A $100 special assessment was also ordered. |
| Sentence Modified: | **April 25, 2005:** In response to the offender's use of cocaine, the Court modified the conditions of supervision with the offender's consent and ordered him to receive substance abuse treatment. |
| | **September 1, 2005:** In response to the offender's use of cocaine, the Court modified the conditions of supervision with the offender's consent and ordered him to serve 60 hours of community service. |

Type of Supervision: Supervised Release      Date Supervision Commenced: March 11, 2005

Assistant U.S. Attorney:      Defense Attorney:  
David Pitofsky, Esq.      Alexander Eisemann, Esq

================================================================

## PETITIONING THE COURT

The offender, not having waived a hearing, the probation officer requests that a summons be issued and hearing held to modify the conditions of supervision as follows:

**The offender shall reside in a community corrections center (CCC) for a period of six months during which time, the offender shall not be permitted to leave the facility except for work, religious observance, or other acceptable reasons as determined by the Probation Department. The offender shall abide by all the rules and regulations of the CCC, which shall include a subsistence payment to the facility based upon income earned.**

The probation officer believes that the action requested above is necessary for the following reasons:

As background, the offender has an 18 year history of abusing illegal drugs and relapsed twice within the first five months of supervised release. After each of these relapses, he was referred to, and successfully completed, a three month out-patient substance abuse treatment program. Despite these interventions, the offender has again tested positive for cocaine as evidenced by a urine specimen collected on May 4, 2006.

This is a troubling case. From the beginning of his supervised release term the offender has resided with his parents in a middle income section of Staten Island. An uncle gave him a full-time job in Brooklyn and the undersigned referred him into the City University of New York's College Initiative so he could increase both his education and legitimate job prospects. He has been faring well academically and is still enrolled in college courses. He has had the opportunity to learn from his mistakes by virtue of two distinct treatment programs, yet continues to exhibit non-compliant behavior. Despite having parents who remain supportive of him, he refuses to be honest with them about his drug use. He refused to give the undersigned permission to report either of the previous relapses to his parents and has not informed them of the most recent drug use either.

In February 2006, he sent a handwritten note to the undersigned requesting permission to travel to Fort Lauderdale, FL. This travel was denied for two reasons. First, because of his history of trafficking various types of narcotics. Secondly, because the Southern District of Florida (SD/FL), which includes Fort Lauderdale, strictly prohibits those on supervision in other districts for narcotics offenses from traveling to the SD/FL. He was advised of this in an office meeting in March 2006 yet admits that he traveled out of the district to his proposed destination regardless.

In January 2006, the offender quit the job he had been given by his uncle and began working various odd jobs. Last month, the offender requested permission to quit his most recent job and work full-time as a personal assistant to a locally-based, but nationally known, musician who had recently signed with a popular hip-hop recording label. This was denied by the probation officer because of the perceived threat to his stability and recovery from addiction. During an office meeting on May 4, 2006, the offender vehemently denied any involvement in illegal drugs; and, asserted he had "turned [his] life around" and accused the undersigned of trying to "hold [him] back." Notably, a urine specimen taken from him that day tested positive for cocaine.

This Department is now respectfully requesting that the Court schedule a hearing to modify the conditions of supervised release and impose a six month term of community confinement. The appearance before Your Honor would serve a two-fold purpose. First, to provide an opportunity for the Court to impress upon this 32 year old offender the importance of remaining not only sober but also of complying with all of the conditions of supervised release. Secondly, it will provide a venue to modify the offender's conditions. We respectfully request that a modification to include a six month term of community confinement be imposed. If ordered, this sanction will not only ensure that the offender's leisure time is utilized in a productive way (he can continue his college studies) but it will also ensure that the offender remains focused on recovery (he will be referred back to a drug treatment program) and maintaining legitimate employment. This course of action will undoubtedly help him steer clear of the roadblocks he has been stumbling on to date.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted:

by

Christopher Wodzinski
Senior U.S. Probation Officer

Andrew Bobbe
Senior Deputy Chief U.S. Probation Officer
Date: 5/22/06

---

THE COURT ORDERS:

☐ No action.

☒ The issuance of a summons.

☐ Other: _____

s/Nicholas Garaufis
Signature of Judicial Officer

5/22/06
Date